IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| M. T.,<br>*Individually and as next friend of minor,*<br>M. S.,<br><br>**Plaintiffs,**<br><br>v.<br><br>**OLATHE PUBLIC SCHOOLS USD 233**<br>**AND ITS BOARD OF EDUCATION, et al.,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 17-2710-JAR-GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Proceed by Pseudonym (**ECF No. 2**) and Plaintiffs' Petition for Appointment of Next Friend (**ECF No. 3**). The Court has considered both motions and the supporting memorandum (ECF No. 4). For the reasons set forth below, Plaintiffs' Petition for Appointment of Next Friend (**ECF No. 3**) is **DENIED AS MOOT** and Plaintiffs' Motion to Proceed by Pseudonym **(ECF No. 2)** is **GRANTED**.

### I.   Background[1]

This is a civil rights action, brought by a minor student, "M.S.," and her mother, "M.T.," against the student's school. Plaintiffs allege both Title IX and Due Process

---

[1] The information recited in this section is taken from the Complaint (ECF No. 5) and from the briefs regarding the pending motions (ECF Nos. 2-4). This background information should not be construed as judicial findings or factual determinations unless specifically stated.

violations arising from a sexual assault on the student that occurred in 2015, during school hours and on school property.  At the time of the assault, M.S. was 12 years old.

Plaintiffs filed this case against the school district, Olathe Public Schools USD 233 ("District"), along with the alleged perpetrator of the assault, "D.B.," who Plaintiffs note may also be a minor.  Plaintiffs claim the District is liable for the assault due to its negligence under both Title IX  and the Kansas Tort Claims Act.  In addition, Plaintiffs allege the District breached its fiduciary duty to the student; that the actions of the District negligently or intentionally inflicted emotional distress on the student; and that the District is unjustly enriched by failing to reimburse Plaintiffs for the student's medical, psychiatric, and hospital bills.

Along with the Complaint, Plaintiffs submitted their motion to proceed by pseudonym (ECF No. 2) and a request for M.S.'s mother to be appointed as her next friend (ECF No. 3).  Both motions are ripe for the Court's consideration.

## II.     Plaintiffs' Motion to Proceed by Pseudonym (ECF No. 2)

Plaintiffs first ask the Court to permit them to proceed using the pseudonyms "M.S." and "M.T." for the pendency of the action.  They contend that, because M.S. is a minor who suffered a sexual assault, her identity should be protected.  Likewise, because M.T. is the mother of M.S., identification of M.T. would necessarily identify the minor child.  Plaintiffs contend that if their identities were revealed, they and their family would be subject to public ridicule, threats, and humiliation, and this would cause additional psychological harm.

A.     **Legal Standard**

Because M.S. is a minor, Fed. R. Civ. P. 5.2(a) affords her privacy, in the form of requiring her to be named only by her initials. Under Rule 5.2(a), any court filing that contains "the name of an individual known to be a minor" "may include only the minor's initials."[2] The advisory committee notes to Rule 5.2 state that it was "derived from and implements the policy adopted by the Judicial Conference . . . to address the privacy concerns resulting from public access to electronic case files."[3] But, although M.S. is permitted to proceed using only her initials, her adult mother, M.T., is not similarly protected by Rule 5.2. In order to proceed with a case using only initials, an adult party must request to proceed by use of a pseudonym.

Because the federal rules of civil procedure do not "contemplate the anonymity of parties,"[4] proceeding by use of a pseudonym in federal court is "an unusual procedure."[5] Even so, courts in this District[6] and the Tenth Circuit have approved the use of pseudonyms in certain cases.[7] The standard utilized by the Tenth Circuit and followed by this District provides:

---

[2] Fed. R. Civ. P. 5.2(a); *see Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-2801-JWL-TJJ, 2017 WL 3839416, at *10 (D. Kan. Sept. 1, 2017) .
[3] *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10 (citing Fed. R. Civ. P. 5.2 advisory committee's note to 2007 adoption of Rule).
[4] *Id*. (citing *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998); citing Fed. R. Civ. P. 10(a) and 17(a)).
[5] *Id*. (quoting *Zavaras*, 139 F.3d at 800).
[6] *See id.* (permitting the minor plaintiff to proceed using a pseudonym); *see also J.B. v. Liberal School District, USD No. 480*, No. 06-2359-MLB, 2006 U.S. Dist. LEXIS 67622, at *5  (D. Kan. Sept. 20, 2006) (granting the minor student plaintiff's request to proceed under a pseudonym).
[7] *See Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1287 (D. Kan. 2017) (citing *Lindsey v. Dayton–Hudson Corp.*, 592 F.2d 1118 (10th Cir. 1979), cert. den. 444 U.S. 856, 100

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[8]

The trial court may determine, in its discretion, whether to allow a party to proceed anonymously, but in doing so, the court should weigh the plaintiff's privacy interests against the interests of the public.[9] If the court allows the party to proceed using a pseudonym, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[10]

### B.   Discussion

The Court notes, at the outset, that the defendant District has not yet answered the Complaint (*see* Clerk's Extension, ECF No. 8), and the status of service on the individual defendant is unknown. However, after thorough review of the Complaint and Plaintiffs' briefing (ECF No. 2, 4) the Court finds no response to the motion is necessary and is prepared to decide the request.

In this case, Plaintiffs seek to recover damages related to the sexual assault of a minor child. In prior cases, courts have found the sexual abuse of a minor to be a matter

---

S.Ct. 116, 62 L.Ed.2d 75 (1979); *Coe v. U.S. Dist. Court of Dist. of Colorado*, 676 F.2d 411 (10th Cir. 1982); *Zavaras*, 139 F.3d at 800).

[8] *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10 (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000)).

[9] *Id.* (citing *Zavaras*, 139 F.3d at 799; also citing *Femedeer*, 227 F.3d at 1246).

[10] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

of a "highly sensitive and personal nature."[11]  A recent case from this district, *Doe H. v. Haskell Indian Nations University*, analyzed the complaints of sexual abuse by a college student, and found that the adult sexual assault victim could not proceed anonymously.[12]  In its decision, the court focused on the fact that the plaintiff in that case was not a minor, and referred to other decisions where courts granted "heightened protection" to child victims.[13]

More similar to the facts of this case are the decisions in *Doe v. USD No. 237 Smith Center School District*[14] and *J.B. v. Liberal School District, USD No. 480*.[15]  In each of these cases, the allegations in the complaints involved the sexual abuse of a minor.  Although both plaintiffs had reached the age of majority prior to filing their lawsuits, both were minors at the times they were allegedly abused.[16]  Noting the highly personal nature of the allegations, and the risk that identification would exacerbate the emotional harms already alleged, each court permitted the plaintiff to proceed using a pseudonym.[17]

---

[11] *Liberal Sch. Dist.*, 2006 U.S. Dist. LEXIS 67622, *4 (quoting *Zavaras*, 139 F.3d at 803 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).
[12] *Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289.
[13] *Id*. at *1288 (citing *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) ("Where victims are not minors, courts are generally less inclined to let the alleged victim proceed in litigation under a pseudonym."); *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004) (district court did not abuse its discretion in allowing pseudonym where case was "brought on behalf of very young children, to whom we grant a heightened protection").
[14] *Smith Ctr. Sch. Dist.*, No. 16-2801-JWL-TJJ, 2017 WL 3839416, at *10-*11.
[15] *Liberal Sch. Dist.*, No. 06-2359-MLB, 2006 U.S. Dist. LEXIS 67622, *4
[16] *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10-*11; *Liberal Sch. Dist.*, 2006 U.S. Dist. LEXIS 67622, at *3.
[17] *Smith Ctr. Sch. Dist.*, 2017 WL 3839416, at *10-*11; *Liberal Sch. Dist.*, 2006 U.S. Dist. LEXIS 67622, at *4-*5.

As in both the *Smith Center* and *Liberal* cases, this Court is particularly concerned with the age of the student plaintiff. Although public access to court proceedings is of utmost importance, and the public has a general interest "in understanding disputes that are presented to a public forum for resolution and in assuring that the courts are fairly run",[18] the Court does not find the public interest unduly affected by the anonymity of the parties to this suit. In addition to her physical and economic damages, the minor student claims to have suffered significant psychological harm as a result of the alleged assault. Identifying the student, through the identification of her mother, is likely to expose both Plaintiffs to additional psychological trauma, as well as potential harassment or retaliation. Although embarrassment is not enough to overcome the public interest in litigation, the real potential of additional psychological harm—one of the very injuries litigated against[19]—is enough to outweigh the public interest in disclosure.

The Court also finds that Defendants will not be prejudiced in their defense of the case, if Plaintiffs proceed by pseudonym. In the Complaint, Plaintiffs claim the student reported the assault to at least one teacher and a school resource officer (Compl. , ECF No. 5, at 3), so it is highly likely the identity of the Plaintiffs is exposed.[20] Finding this case involves allegations by a minor child of a highly sensitive and personal nature, with

---

[18] *Id*. (citing *Stapp v. Overnite Transp. Co.*, 1998 U.S. Dist. LEXIS 6412, No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. Apr. 10, 1998) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

[19] *Liberal Sch. Dist*., 2006 U.S. Dist. LEXIS 67622, at *5 (citing *Zavaras*, 139 F.3d at 803).

[20] *See Smith Ctr. Sch. Dist*., 2017 WL 3839416, at *11 (finding "defendants would not be prejudiced by Doe continuing to proceed under her pseudonym in this matter because they already know her identity").

the potential of additional harm resulting from public identification, and a lack of prejudice to Defendants, the Court will allow Plaintiffs to proceed by pseudonym.

Although Plaintiffs do not specifically seek to protect the identity of the individual defendant, "D.B.", they note he was a minor at the time of the incident described in the Complaint, and they believe he may still be a minor. Without confirmation of his age, or a request before the Court, the Court does not reach the issue of whether D.B. may also proceed by pseudonym.[21]

It is therefore **ORDERED** that Plaintiffs' Motion to Proceed by Psuedonym (**ECF No. 2**) is **GRANTED**, and Plaintiffs are given leave to proceed in this action using the initials "M.T." and "M.S." However, to ensure both the Court and parties are fully informed, Plaintiffs will be required to file, **under seal**, a copy of their original complaint bearing the full names of all parties.

### III.    Plaintiffs' Petition for Appointment of Next Friend (ECF No. 3)

Plaintiff M.S. is a minor who asks the Court to appoint her natural mother, M.T., as her next friend for purposes of commencing and prosecuting this action. M.T. submits her consent to act as next friend (ECF No. 3, at 2).

The Federal Rules of Civil Procedure allow parties to sue by a "next friend" or guardian ad litem. Specifically, Rule 17(c) provides as follows:

---

[21] However, by virtue of Fed. R. Civ. P. 5.2(a), if D.B. is indeed still a minor, he need not request to be referenced by only his initials.

**(c) Minor or Incompetent Person.**

**(1)** *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:
**(A)** a general guardian;
**(B)** a committee;
**(C)** a conservator; or
**(D)** a like fiduciary.

**(2)** *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.[22]

Courts in this District have generally found that the natural parent of a minor qualifies as a general guardian who may sue on behalf of a minor, with no need for a formal appointment by the Court.[23] The Court recognizes M.T.'s status as general guardian of M.S., and in that capacity, M.T. may sue on M.S.'s behalf pursuant to Fed. R. Civ. P. 17(c)(1)(A). Therefore, Plaintiffs' Petition for Appointment (**ECF No. 3**) is **DENIED AS MOOT**.

**IV. Conclusion**

In light of the above discussion, **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Proceed by Pseudonym (**ECF No. 2**) is **GRANTED.**

---

[22] Fed. R. Civ. P. 17(c).
[23] *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 558059, at *1 (D. Kan. Jan. 25, 2018) (citing *Meredith ex rel. Meredith v. Dusin*, No. 03-2532-CM-DJW, 2003 WL 22844157, at *1 (D. Kan. Nov. 12, 2003) (internal citations omitted) (denying motion for next friend as moot)); (citing *McKinney v. Kan. Best Pizza, Inc.*, No. 17-2369-JAR-GLR (Memorandum and Order, ECF No. 4, D. Kan. Jan. 25, 2018)).

**IT IS FURTHER ORDERED** that Plaintiffs file, **under seal**, a copy of their original Complaint bearing the full names of all parties. This Complaint must be filed within 14 days of the filing of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Petition for Appointment of Next Friend (**ECF No. 3**) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of February 2018.

                                      s/ Gwynne E. Birzer
                                      GWYNNE E. BIRZER
                                      United States Magistrate Judge